UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES | CIVIL ACTION NO. 14-0048    d |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| RETTA | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the court is defendant's motion to dismiss his attorney, Assistant Federal Public Defender, Wayne Blanchard, in which defendant states his desire to represent himself because he is receiving advice form "one of the best criminal defense attorneys in Chicago". The motion was filed by Mr. Blanchard at defendant's insistence. The supposed Chicago attorney has not enrolled as counsel. Defendant has expressed to his court-appointed attorney, Mr. Blanchard, that he wishes to plead guilty to one of the charges against him but that he wants to handle the proceedings himself. A hearing was scheduled for May 9, 2014 before me for the purpose of explaining Retta's Constitutional right to represent himself and the pitfalls of doing so, as required by 5th Circuit precedent. His attorney and the U. S. Attorney were both present. Retta was told to raise his right hand and be sworn to tell the truth under penalties of perjury.[1] Retta refused to promise to tell the truth and thereby comply with United States law regarding

---

[1] Specifically, the defendant was asked "do you promise to tell the truth under penalties of perjury which penalties are severe?"

perjury, stating that he doesn't believe there is any justice in this country. Therefore, court was adjourned.

At the hearing defendant would have been placed under oath and reminded of his right to remain silent. He would have been questioned by the court as to his mental capacity, prior mental health, age, education and literacy and trial experience.

It would have been explained to defendant that under the United States Constitution and federal law he has a right to represent himself, <u>Faretta v. California</u>, 95 S. Ct. 2525 (1975); 28 U. S. C. §1654. However, defendant's decision to waive counsel must be made knowingly, intelligently and voluntarily. With that in mind, I would have undertaken to establish whether defendant would be allowed to waive counsel.

The defendant would have been advised again of the charges against him and of the maximum possible penalties. The court would have reiterated the information provided to defendant at his arraignment. <u>U. S. v. Farhad</u>, 190 F.3d 1097 (9th Cir. 1999).

Then the court would have explained to defendant the benefits a lawyer could provide, including, but not limited to, the lawyer's superior knowledge, education, training and experience, availability of investigatory aids and legal research and ability to make meaningful objections, cross-examine witnesses, present testimony and decide whether or not defendant should take the stand an testify at trial. Many other benefits of having a lawyer present

would have been explained to the defendant.

In addition, it would have been explained to defendant that if he were allowed by this court to proceed pro se that he would be required to follow rules of procedure in the court and the rules of evidence and that the court could not and would not assist him or guide him as to the law or procedure or give him legal advice. Finally, it would have been explained to him that the court can terminate his right to represent himself if he engages in abusive or obstructionist behavior. Defendant would have also been advised of his right to have the benefit of standby counsel.

The court would have strongly recommended to defendant that he not represent himself.   Had defendant indicated, **under oath,** that he understood his rights and my explanation of the benefits of counsel and of the pitfalls of representing himself and still desired to represent himself, I would have recommended allowing him to do so and would, perhaps, have recommended appointing Mr. Blanchard as standby counsel.

The court, of course, recognizes a defendant may assert his Constitutional right to represent himself. However, because of Retta's recalcitrance, I was unable to elicit his sworn testimony that he understood my explanations which explanations are required in this Circuit. Reciting the explanations without the court being able to ensure that Retta understood the explanations would have been a useless exercise. Here, because of Retta's actions, he has

3

in fact chosen not to seek permission to represent himself. Until he cooperates in his request to represent himself, his Constitutional right to do so is not implicated.

I find Retta's refusal to cooperate in a hearing on **his** motion amounts to a withdrawal of his motion to represent himself, for he cannot assert the Constitutional right our country has given him and, at the same time, refuse to abide by our laws regarding perjury in an attempt to thwart the court's responsibilities.

## Conclusion

IT IS RECOMMENDED that the defendant's motion to represent himself be considered withdrawn by him and be DISMISSED.

IT IS FURTHER RECOMMENDED that the period of time during which this motion is pending be excluded for speedy trial purposes.

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. .  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  No other briefs  (such as  supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a  final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT**

**WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 9th day of May, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE